**Edward L. SULLIVAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45773.**

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

John Mustachio, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and Tommy Dunn, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for murder. Punishment was assessed by the jury at twenty-five years.

Appellant's sole contention is that the evidence is insufficient to support the conviction.

Horace Deauvearo testified that his estranged wife, Diane Deauvearo, and appellant came to the home of his (Horace Deauvearo's) mother, Christine Deauvearo, in northwest Harris County, on July 21, 1970, for the purpose of taking their (Horace and Diane Deauvearo's) four children. A fight between Horace and Diane Deauvearo ensued which terminated with Horace taking a pistol away from Diane and ordering appellant and Diane to leave the house. Appellant and Diane Deauvearo left the house, walked about two blocks down the street and, along with another man, removed guns from the back of a car. After locating a .410 shotgun, Horace Deauvearo observed that appellant was standing in the street behind his brother, Clarence Deauvearo's car with a gun; that appellant said, "Hey nigger, I want my pistol," and put the gun on top of the car pointing it toward the house. A shot or shots were fired into the house, from which Christine and Clarence Deauvearo died. Dr. Joseph Jachimczk, Medical Examiner for Harris County, testified that the cause of death in both instances was shotgun wounds. According to Officer Robichaux of the Harris County Sheriff's Office, twelve holes, resulting from gunshots, were found in the front door of the house.

Horace Deauvearo further testified that he was positive that appellant fired one

shot; that he didn't know how many shots, if any, the man with appellant fired, and that appellant's companion could not have shot into the front of the house from the position where he was standing.

Appellant, testifying in his own behalf, stated that he did not fire the shotgun until he was running from the house after Horace Deauvearo had fired at him; that his companion, Charles Victor Smith, had a .22 rifle, and that he was in a position where he could have fired same into the house. Appellant urges that the State has failed to negate that the fatal shots were fired by Smith rather than appellant. We find no merit in such contention.

The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.